IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN T. STRACK,

   Petitioner,

 vs.

RICHARD SUBIA, Warden,

   Respondent.

Case No. 2:07-cv-01021 JKS KJM P

ORDER

  Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He complains that staff at Mule Creek State Prison ("MCSP") failed to make legally required disclosure of confidential information placed in his central file. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

  On October 26, 2007, the magistrate judge filed findings and recommendations herein. Docket No. 7. Petitioner filed timely objections. Docket No. 9. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of the portions of the findings and recommendations to which objection has been made. Having carefully reviewed the file, the Court finds that Petitioner's application must be dismissed because it appears from the face of the pleadings that Petitioner is not entitled to any relief. *See* Rule 4 of the Rules Governing Section 2254 Cases.

  Petitioner's application complains that staff at MCSP did not provide him with any disclosure regarding confidential information placed in his central file and subsequently relied upon by the Board of Parole Hearings ("BPH") to deny him parole. Petitioner argues that the failure to

make the required disclosures before his parole hearing prejudiced him because he could not prepare a defense. The magistrate judge liberally construed Petitioner's application as a due process challenge to the BPH's decision and its consideration of the confidential information without disclosure.[1] The magistrate judge concluded Petitioner was not entitled to relief because no confidential information had been relied upon by the BPH. Docket No. 7 at 2 n.1. This conclusion was erroneous as the magistrate judge inadvertently overlooked a portion of the hearing transcript attached to Petitioner's application where the BPH expressly stated they relied upon confidential information. *See* Docket No. 1 at 23-25.

Petitioner bases his right to disclosure on California Code of Regulations, Title 15, § 3321. Section 3321 has three basic functions. First, it tells the California Department of Corrections and Rehabilitation ("CDCR") what types of information should be classified confidential. 15 Cal. Code of Regs. § 3321(a). Second, it establishes the procedure by which the CDCR places information in the confidential section of a prisoner's central file. *Id*. § 3321(d). Third, it identifies the procedures followed and disclosures made when the CDCR "uses" confidential information. *Id*. § 3321(b)-(c).

In the context of prison disciplinary proceedings, inmates are entitled to documentation of confidential information used against them. *Id*. § 3321(b)(1). Prison officials must disclose as much of the information as possible without identifying its source, and must provide, to the extent possible, an evaluation of the source's reliability and an explanation of why the information is confidential. *Id*. § 3321(b)(3). However, the disclosure provisions of § 3321 apply only when the CDCR itself actually "uses" the confidential information against the prisoner. *See e.g., Robinson v. Hickman*, 2007 U.S. Dist. LEXIS 47364 (E.D. of Cal. 2007) (disciplinary hearing); *In re Jackson*, 43 Cal. 3d 501 (Cal. 1987) (same); *Martinez v. Shaw*, 2008 U.S. Dist. LEXIS 34170 (E.D. of Cal. 2008) (gang classification).

---

[1] Generally, challenges to the procedures used to deny parole are cognizable via habeas. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). Specifically, challenges to the reliability of confidential information used to deny parole are cognizable via habeas. *See Lopez v. Kernan*, 203 Fed. Appx. 787 (9th Cir. 2006) (citing *Zimmerlee v. Keeney*, 831 F.2d 183, 186-87 (9th Cir. 1987)).

ORDER

The use and disclosure of confidential information by the BPH is instead governed by California Code Regulations, Title 15, §§ 2235 and 2247.  Under § 2247, prisoners are entitled to access the nonconfidential information in their central files prior to a parole hearing.  *Id*. § 2247.  In combination, these sections provide that the BPH shall not rely on information unavailable to the prisoner unless the information has been classified as confidential and deemed necessary to the decision.  *Id*. §§ 2235, 2247.  When the BPH does rely on confidential information it must document a finding of reliability and notify the prisoner of the reports on which it relied.  *Id*. § 2235(a)-(b).  Thus, although § 3321 does not apply directly to the BPH, it is related in that it governs what information is classified confidential, placed in the confidential section of a prisoner's central file, and consequently made available to the BPH to use subject to §§ 2235 and 2247.

In an appropriate habeas case where a petitioner challenged the BPH's reliance on confidential information or its failure to make appropriate disclosures, the Court could order discovery.  Rule 6 of the Rules for Section 2254 Cases allows a court to authorize discovery for "good cause."  Good cause exists "where specific allegations before the court show reasons to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Had Petitioner challenged the actions of the BPH, discovery might have been appropriate.

However, Petitioner has made it quite clear that he is not challenging the BPH's use of the confidential information: "[t]he Board of Prison Hearings did nothing wrong in using confidential information to deny petitioner a parole date."  Docket No. 9 at 1.  Rather, Petitioner essentially seeks to use this habeas proceeding as a discovery tool in the context of his next parole hearing.  *See id.* at 2.  This is simply not cognizable via habeas, as success on the merits would not undermine the fact or duration of confinement, or even accelerate parole eligibility.  *See Docken v. Chase*, 393 F.3d 1024, 1026-31 (9th Cir. 2004).  While the Court must construe a document filed pro se liberally, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), Petitioner has made it abundantly clear that he is not challenging the denial of parole or even the procedures utilized during the parole

ORDER

hearing. Instead, he merely seeks disclosure of confidential information in his prison file. This is not cognizable via habeas.[2]

    Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed October 26, 2007, are adopted to the extent consistent with this Order;

2. Petitioner's application for a writ of habeas corpus is dismissed; and

3. The Clerk shall enter judgment accordingly.

Dated this the 12th day of June 2008.

                /s/ James K. Singleton, Jr.
                **JAMES K. SINGLETON, JR.**
                United States District Judge

---

[2] It appears petitioner might be able to bring an action under 42 U.S.C. § 1983. Before deciding whether to file a § 1983 action, Petitioner should review *Sandin v. Connor*, 515 U.S. 472 (1995).

ORDER